UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAWRENCE JOHN PIZZICHIELLO,

        Petitioner,

v.                                                           Case No. 5:04-cv-206-Oc-10GRJ

FEDERAL BUREAU OF PRISONS, et al.,

        Respondents.
_____

## **ORDER DENYING THE PETITION**

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petitioner challenges the computation of his sentence by the Bureau of Prisons (BOP).

## **Factual and Procedural History**

On May 20, 1996, Petitioner was arrested by the State of Montana and charged with murder, robbery, and the destruction of evidence. Petitioner was found guilty at trial and sentenced to life imprisonment on June 6, 1997. Pursuant to the same criminal conduct, Petitioner was indicted by a federal grand jury on April 22,1999.[1] On June 1, 1999, Petitioner's state convictions were reversed and remanded for a new trial by the Supreme Court of Montana.[2] The State of Montana

---

[1] Petitioner was indicted in the District of Montana on three counts: (1) conspiracy to commit robbery affecting commerce; (2) robbery, the offense underlying the conspiracy; and (3) use of a firearm during and in relation to a crime of violence. See the Response to the Petition (Doc. 13) (hereinafter Petition Response) at 2-3.

[2] That Court found the use of certain wiretap evidence inadmissible at trial. Petition Response at 2.

did not pursue a retrial.  Therefore, on July 21, 1999, Petitioner was released from state custody and transferred to federal custody.  At that time, Petitioner had spent 1,156 days in state custody[3] and had earned 750 days of good credit time on his state sentence pursuant to Montana state law.  Petitioner was received into federal custody on July 22, 1999.

Petitioner subsequently pled guilty to the federal charges and was sentenced to 151 months imprisonment on March 31, 2000.  The BOP has credited Petitioner's federal sentence with 1,411 days of prior custody credit - - the time spent in custody from the date of Petitioner's initial arrest, May 20, 1996, to the day before his federal sentence was imposed, March 30, 2000.  In addition, the Bureau has determined that Petitioner is eligible to receive federal good time credits (GTC) under 18 U.S.C. § 3624(b) for all the time spent in custody since May 20, 1996, and has credited Petitioner's federal sentence with 54 days per year accordingly.

This case revolves around the 750 days of GTC Petitioner earned while serving his state sentence.  Petitioner alleges that pursuant to Montana law, a state prisoner may earn up to one day of good credit time for every day spent serving his sentence.[4]  In this case, Petitioner earned 750 days of GTC prior to the reversal of his state conviction and that credit was apparently vested in his state sentence.[5]

---

[3] May 20, 1996 through July 21, 1999.

[4] See Petition (Doc. 1) (hereinafter Petition) at Ex. C.

[5] See Petition at Ex. B

2

Therefore, Petitioner surmises that his federal sentence should be credited with an additional 750 days. The BOP disagrees and this case ensued.

## Discussion

It is well established that the Bureau of Prisons is charged with the responsibility of sentence computation and other administrative matters regarding the length of a federal prisoner's confinement.[6] When computing a federal sentence, prior custody credit is governed by 18 U.S.C. § 3585(b). Pursuant to § 3585(b), a defendant can receive credit for any time spent in official detention prior to the date the sentence commenced if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

In this case, both parties agree that Petitioner spent 1,411 days in official detention prior to the date his federal sentence commenced. Although the majority of that time was spent in state custody, it has not been credited to a state sentence because Petitioner's state court convictions were overturned. Moreover, it is undisputed that Petitioner's prior incarceration was a result of the same acts and/or behavior from which his federal conviction stemmed. Finally, it is undisputed that the

---

[6] United States v. Wilson, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

federal sentencing judge credited Petitioner's federal sentence with this time.[7] Therefore, Petitioner's federal sentence has been appropriately credited for the <u>actual</u> time spent in custody prior to the date his federal sentence commenced.

However, the Court is not convinced that any state earned good time credits can be applied to Petitioner's federal sentence pursuant to § 3585(b).  Good time credits are not days spent in official detention.  Good time credits are days earned off the length of a sentence for good behavior.[8]  Section 3585(b) only provides a mechanism for crediting days spent in <u>official</u> <u>detention</u>, not days earned off the length of a sentence.[9]  Therefore, in order to determine what amount of good credit time Petitioner is due, if any, the Court must turn to the statute which governs the award of good time credits.

For offenses that occurred after November 1, 1987, the Bureau of Prisons is authorized to award a federal inmate serving more than a one year term, up to 54 days of good credit time at the end of each year of imprisonment.  <u>See</u> 18 U.S.C. §

---

[7] Petitioner contends that the sentencing Judge granted him credit on his federal sentence for the time spent in state custody.  <u>See</u> Petition at Ex. B.  The Respondents do not challenge this contention.  Thus, for purposes of this Order, the Court will accept this allegation as true.

[8] <u>See</u> 18 U.S.C. § 3624(b).

[9] In arguing that his state good time credits should be applied to his federal sentence, Petitioner makes an equal protection argument based upon 18 U.S.C. § 4105(c)(1).  Section 4105(c)(1) states that an offender transferred into federal custody from a foreign country "shall be entitled to all credits for good time, for labor, or any other credit toward the service of the sentence which had been given by the transferring country for time served as of the time of transfer."  However, there is a clear distinction between the two statutes.  Under § 4105(c) the offender is transferred to the custody of the United States to serve the remainder of a foreign sentence.  Therefore, Petitioner is not <u>serving</u> a federal sentence, he is serving a foreign sentence, and is merely <u>in</u> federal custody.  Accordingly, calculation of the offender's credit pursuant to guidelines of the applicable foreign country is appropriate.  Here, Petitioner is not only in federal custody, but he is also serving a federal sentence.  The calculation of Petitioner's federal sentence is thus subject to federal regulation and the applicable federal guidelines.  In addition, Petitioner bases his argument on a comparison between the words "any time" in § 3585 (b) and the words "all credits" in § 4105(c)(1).  What Petitioner overlooks is the words "official detention" in § 3585(b).  He was clearly not in "official detention" for the 750 days of credit he seeks.  Those days were merely days earned off the length of a state sentence that is no longer in existence.

3624(b). State good credit time is awarded on a state sentence. There is no federal statute that authorizes the BOP to apply state earned GTC to a federal sentence. Here, the BOP has awarded Petitioner 54 days of good credit time each year since his original arrest in May of 1996. Accordingly, Petitioner's federal sentence has been awarded all the good credit time that the BOP has the authority to award. Petitioner has not, and cannot, cite to any statute or caselaw which would indicate otherwise.

In addition, the BOP's application of the appropriate federal GTC statute is not violative of the Double Jeopardy Clause. State and Federal courts are separate jurisdictions for determining criminal offenses and punishments.[10] It follows then, that they are also separate jurisdictions for applying their differing standards for awarding good credit time.[11] Accordingly, Petitioner has failed to show that he received multiple punishments for the same offense and the double jeopardy clause is not implicated.

## Conclusion

For the reasons set forth in this Order, the Petition is **DENIED with prejudice**. The clerk is directed to enter judgment denying the Petition with prejudice, terminate

---

[10] See Grafton v. United States, 206 U.S. 333, 354, 27 S.Ct. 749, 755 (1907) ("[t]he same act ... may constitute two offenses, one against the United States and the other against the State"); see also Fox v. State of Ohio, 46 U.S. 410, 435 (1847).

[11] Nor do the facts of this case implicate the Supreme Court's decision in North Carolina v. Pearce, 395 U.S. 711, 718, 89 S.Ct. 2072, 2077 (1969), as Petitioner argues. Had Petitioner been reconvicted and resentenced in state court, and afterwards been denied credit for the 750 days on his new state sentence, then Petitioner could have argued that his new sentence was not "fully credited." However, under Pearce, Petitioner is entitled to full credit (including good credit time) only upon a new conviction for the same offense. Although Petitioner's federal sentence is based on the same acts as his original state conviction, his federal conviction is simply not the same offense as his state conviction and Pearce is inapplicable.

any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 21st day of September 2005.

_____
UNITED STATES DISTRICT JUDGE

c: Lawrence J. Pizzichiello
   Counsel of Record